# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

|  |  |
|---|---|
| FALAYE KOUROUMA, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-01257 |
| ) | |
| JERRY CRAWFORD, Warden, ) | |
| Farmville Detention Center, ) | |
| Immigration Centers of ) | |
| America, et al., ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Respondents' Motion for Summary Judgment.

Falaye Kourouma ("Petitioner") is a native of the Republic of Guinea. In 2006, the United States allowed Petitioner within its borders because Petitioner's mother had previously received asylum in the United States. In 2007, after having been in the United States for just over a year, Petitioner pled guilty in the Circuit Court of Fairfax County, Virginia, to attempted rape. He was sentenced to eight years of incarceration with five years suspended and credit for time served.

In 2009, after completing his sentence for attempted rape, Petitioner was turned over to the U.S. Immigrations and Customs

Enforcement ("ICE"). ICE initiated removal proceedings against Petitioner, who was subject to removal one two grounds: (1) his conviction for a crime of moral turpitude within five years of admission into the United States; and (2) his conviction for an aggravated felony after admission into the United States. In 2010, a judge in Arlington, Virginia, sustained the charges and ordered Petitioner's removal to Guinea.

During these removal proceedings, Petitioner was in ICE custody. ICE continued to detain him until 2011 when he received supervised release because ICE had not yet obtained the travel documents required for his return to Guinea. In 2014, Petitioner received a letter from the Embassy of Guinea ("Embassy"), which stated that the Embassy would not issue him travel documents for his return unless he first traveled to Guinea.

On June 11, 2016, ICE again detained Petitioner because it was in the process of obtaining the travel documents from Guinea. In July 2016, a consular officer from the Embassy interviewed Petitioner. In October 2016, the Embassy issued travel documents for Petitioner, who also had a boarding pass for a flight to Guinea. On November 16, 2016, Petitioner renounced his Guinean citizenship. On November 21, 2016, with a boarding pass and the required travel documents in hand, Petitioner refused to board the aircraft to Guinea.

This case began on October 3, 2016, when Petitioner sought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents moved for summary judgment on November 7, 2016. On December 2, 2016, this Court heard oral argument on Respondents' summary judgment motion, and this matter is now ripe for disposition.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

It is presumptively reasonable to detain an alien who is subject to a final order of removal for at least sixth months. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). The confinement may continue even after six months unless the alien can satisfy the requirements of the following two-part test: (1) he is being held beyond the presumptively reasonable period; and (2) there

is not a significant likelihood of removal in the foreseeable future. Id. If the alien makes these prima facie showings, then the burden shifts to the government to rebut the alien's claim for supervised release. See id.

It is undisputed that Petitioner satisfies the first prong of the Zadvydas test. His confinement, which has lasted for more than six months, is presumptively unreasonable. He cannot prove the second prong of the Zadvydas test, however, because there is a significant likelihood that he will be removed to his country of origin in the foreseeable future. Petitioner has already had an opportunity to return to Guinea. He has the required travel documents, and he can acquire another boarding pass to Guinea without significant difficulty. Despite his assertions to the contrary, there is no barrier to Petitioner's removal from the United States. Thus, Petitioner's continued detention by ICE until his removal is lawful.

Accordingly, the Court finds that Respondents' Motion for Summary Judgment should be GRANTED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 16, 2016

4